557 A.2d 413

ROLLINS PROTECTIVE SERVICES COMPANY, a Division of Rollins, Inc., a Delaware Corporation, Appellant,

v.

Daniel J. SHAFFER, an Individual.

ROLLINS PROTECTIVE SERVICES COMPANY, a Division of Rollins, Inc., a Delaware Corporation, Appellant,

v.

Michael ALUISE, an Individual.

Superior Court of Pennsylvania.

Argued Dec. 14, 1988.

Filed April 11, 1989.

Reargument Denied May 10, 1989.

John W. Jordan, IV, Pittsburgh, for appellant (at 732 and 733).

Ralph H. German, Pittsburgh, for Shaffer, appellee (at 732) and for Aluise, appellee (at 733).

Before BROSKY, DEL SOLE and JOHNSON, JJ.

BROSKY, Judge:

These are appeals from the Order of the Court of Common Pleas of Allegheny County, Pennsylvania, entered April 28, 1988, denying appellant's petition for preliminary injunction. The question before this court is whether a former employer must suffer irreparable harm from the competition of a former employee before it can enforce a non-competition clause in the former employee's employment agreement. We affirm.

Appellees, Shaffer and Aluise, are former employees of appellant, who as of October 16, 1987 and November 9, 1987, respectively, left the employ of appellant to work for a direct competitor, Westec Securities Systems, Inc. On February 24, 1988, appellant filed suit in equity against each appellee, seeking preliminary and permanent injunctions against their continued employment with Westec, by virtue of covenants not to compete contained within the employment contracts signed by appellees when hired by appellant. Each contract contained a written restrictive covenant requiring the appellees not to engage in employment competitive with appellant for a period of two years within a 50 mile radius of Pittsburgh, Pennsylvania, in the event they left the appellant's employ. It is agreed by all parties that both appellees are working for a direct competitor of appellant and are doing so within the Pittsburgh area.

The Chancellor found that the employment agreements are valid, but denied the motions for preliminary injunctions

because the appellant not only failed to establish proof of irreparable harm, but failed to establish proof of any harm.

The scope of review with respect to the grant, refusal, or continuance of a preliminary injunction is very limited. We may only determine if there were any apparently reasonable grounds for the actions of the court below. Only if it is plain that no grounds exist to support the decree, or that the rule of law relied upon was palpably erroneous or misapplied, will we interfere with the decision of the chancellor. *Blair Design and Construction Co., Inc. v. Kalimon*, 366 Pa.Super. 194, 199, 530 A.2d 1357, 1359 (1987).

Appellant contends that the Chancellor applied a palpably erroneous rule of law when he held that appellant's inability to prove actual harm prevented it from obtaining an injunction against appellees' violation of their agreements not to compete with appellant in the Pittsburgh area. Appellant contends that, on the contrary, a former employer need not suffer irreparable harm from the competition of a former employee before it can enforce a noncompetition clause in the former employee's employment agreement. In support of its position, appellant cites *Bettinger v. Carl Berke Assoc., Inc.*, 455 Pa. 100, 314 A.2d 296 (1974), in which the court granted the issuance of an injunction to the former employer:

> While it is generally true that injunctions will only be issued upon a showing of irreparable harm, we are here dealing with a restrictive covenant in an employment contract. In *Jacobson & Co. v. Int. Environment Corp.*, 427 Pa. 439, 235 A.2d 612 (1967), we stated: '... employment contracts containing general covenants by an employee not to compete after the termination of his employment are prima facie enforceable if they are reasonably limited as to duration of time and geographical extent ... within such territory and during such time as may be reasonably necessary for the protection of the employer.'
427 Pa. at page 452, 235 A.2d at page 620.

The *Bettinger* court, after concluding that the record supported a finding that the covenant was reasonable, re-

viewed testimony with regard to plaintiff's customer contact in his employment as salesman in Bettinger's temporary help division, and found that, since the customer contact was crucial to Bettinger's business, it was reasonable for Bettinger to seek protection from competition from former employees like the plaintiff, whose sole job was to maintain close affiliations with prospective customers.

Appellant in the present case contends that the chancellor was in error when it said that "the *Bettinger* court relied upon the plaintiff's evidence of irreparable injury to his business in concluding that the restrictive covenant was reasonable and the issuance of the preliminary injunction justified." Appellant characterizes the evidence of injury to employer's business in the *Bettinger* case as a "possibility of harm," rather than an "irreparable injury," and maintains that such a threat of irreparable injury exists in the present case.

While we do not disagree with appellant's assertion that the harm found in the *Bettinger* case was in the nature of a "threat" of irreparable injury, appellant has failed to produce evidence to prove any harm, even in the form of a threat of injury to his business which resulted from the violation of the non-competition clause of his employment agreement with appellees.

In *John G. Bryant Co. v. Sling Testing & Repair, Inc.*, 471 Pa. 1, 369 A.2d 1164 (1977), the court upheld the issuance of a preliminary injunction even though the employer proved damages of only $427.00. In rejecting appellants' argument that the amount of damages was not sufficient to establish irreparable harm, the court stated:

[Appellants'] reasoning, however, ignores the nature of the violation herein involved. It is not the initial breach of the covenant which necessarily establishes the existence of irreparable harm but rather the threat of unbridled continuation of the violation and the resultant incalculable damage to the former employer's business the constitutes the jurisdiction for equitable intervention.

... The covenant seeks to prevent more than just the sales that might result by the prohibited contact but also the covenant is designed to prevent a disturbance in the relationship that has been established between appellees and their accounts through prior dealings. It is the possible consequences of this unwarranted interference with customer relationships that is unascertainable and not capable of being fully compensated by money damages. 471 Pa. at 8, 369 A.2d at 1167.

In the instant case, appellant has failed to prove any "unwarranted interference with customer relationships" that would constitute a threat of irreparable harm. The record below clearly establishes that appellees: 1) have not "stolen" any Rollins customers; 2) have not knowingly solicited any Rollins customers; and 3) did not take the Rollins customer lists with them upon their departure from appellant's employ. As such, appellant is threatened with no greater harm to "customer relationships" from appellees, than from any other similarly situated employee not formerly employed by appellant, working for competitors other than Westec. Nor has appellant proven harm of any other nature resulting from the violation of the non-competition clause of his employment agreement with appellees.

This court recently set forth the four essential prerequisites of law, which must be found by the hearing court to coalesce prior to granting a preliminary injunction. They are:

immediate and irreparable harm which could not be compensated by damages; the greater injury would result by refusing it than by granting it; that it would properly restore parties to their status as existing immediately prior to the alleged wrongful conduct; and that the activity sought to be restrained in actionable suited to abate such activity. *Blair Design & Construction Co., Inc. v. Kalimon*, 366 Pa.Super. 194, 199, 530 A.2d 1357, 1359 (1987).

Inasmuch as appellant has failed to prove any harm resulting from appellee's violation of their non-competition

clause of their employment agreement, we affirm the order of the chancellor.

Order affirmed.

DEL SOLE, J. files a concurring opinion.

DEL SOLE, Judge, concurring:

While I join in the decision of the Majority, I write separately to clarify what I believe is an important issue in Pennsylvania. It is my view that the law of this Commonwealth *does not* provide that non-competition clauses in employment contracts are entitled to enforcement by preliminary injunction absent a showing of irreparable harm.

The granting of a preliminary injunction is an extraordinary remedy. In order for that remedy to be warranted, four essential elements must coalesce. They are:

Immediate and irreparable harm which could not be compensated by damages; the greater injury would result by refusing it and by granting it; that it would properly restore parties to their status as existing immediately prior to the alleged wrongful conduct; and that the activity sought to be restrained is actionable and that an injunction is reasonably suited to abate that activity. *Blair Design & Construction Co., Inc. v. Kalimon*, 366 Pa.Super. 194 at 199, 530 A.2d 1357 at 1359 (1987).

A non-competition clause in an employment contract does not diminish the standard necessary for the entry of a preliminary injunction. Rather, the existence of a non-competition clause in an employment contract only permits the employer to seek relief from the court. It does not guarantee relief. In order to be granted a preliminary injunction to prevent competition by former employees, there must be a showing of irreparable harm. In *New Castle Orthopedic Association v. Burns*, 481 Pa. 460, 392 A.2d 1383 (1978) the Supreme Court stated:

*Herman* states the threshold evidentiary requirement that must be met before a preliminary injunction may be issued: Actual proof of irreparable harm. *Sling Testing* supplements *Herman* in those case where the plaintiff's

proof of injury, although small in monetary terms, foreshadows the disruption of established business relations which would result incalculable damage should the competition continue in violation of the covenant. 481 Pa. at 467, 392 A.2d at 1387.

Non-competition clauses do not enjoy any magical status which permits a preliminary injunction to be issued merely because of the existence of the clause. Rather, before a preliminary injunction can be issued there must be a showing of actual or potential irreparable harm to the employer. In the present case I agree with the conclusion of the Majority that no such showing existed. Rather, the record establishes that the plaintiff suffered no harm as a result of the actions of the defendants. Thus, I agree with the Majority in affirming the trial court's determination on the issue of the preliminary injunction and remanding the matter back to the trial court for consideration of request for a permanent injunction.